IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| Ana Valle,<br>    Plaintiff | ) | |
| | ) | |
| | ) | |
| v. | ) | Civil Action No. 19 - 460 |
| | ) | |
| Silver Diner Development, LLC<br>    Defendant. | ) | |
| | ) | |

## Complaint

Plaintiff Ana Valle, through her undersigned attorney and with knowledge as to herself and upon information and belief as to all else, complains against Defendant Silver Diner Development, LLC as follows:

## JURISDICTION

1. This Complaint arises under federal law, to wit: Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et.seq*.

2. This Court has jurisdiction to hear and determine this matter pursuant to 28 U.S.C. §1331 (federal question).

3. The parties all reside in this judicial district. All of the events or omissions giving rise to the claim occurred in this judicial district. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

4. Silver Diner was Valle's employer within the meaning of Title VII of the Civil Rights Act of 1964.

5. Valle is a Hispanic woman from El Salvador and is a member of a protected class on account of her gender and national origin.

6.    Valle filed a charge of discrimination with the EEOC alleging discrimination on the basis of Sex, National Origin, and Retaliation on or about April 19, 2018. Valle received her Right to Sue Notice from the EEOC on or about February 6, 2019.

## PLAINTIFF'S ALLEGATIONS OF FACT

7.    Plaintiff Ana Valle worked as a server for the Silver Diner restaurant chain from March, 14, 2014 until July 2, 2017.

8.    In addition to serving tables, Silver Diner frequently relied upon Valle to fill in for Managers and Supervisors at various other locations as needed.

9.    On June 8, 2015 Silver Diner offered a Manager position to a White, American Male to start at its Rockville location at a salary of $48,000 per year. This man was Valle's boyfriend (at that time), and had applied to Silver Diner at her recommendation.

10.    Shortly thereafter, Valle also applied for a Manager position at Silver Diner. When asked in the interview by Silver Diner's H.R. Director, Christopher Shand, about her salary expectation, Valle replied that she expected to be paid the same as her boyfriend.

11.    Upon Valle's response, Shand, became irritated, and thereafter displayed a hostile and negative attitude toward her which lasted throughout the remainder of her employment.

12.    On November 13, 2015 Silver Diner offered Valle the same job (Manager) at the same location (Rockville), but at a salary of $42,000.

13.    Valle had more experience in the restaurant business, and as a Supervisor and Manager than the White, American male applicant, who had no restaurant management

experience whatsoever. Moreover, Valle had years of experience working for Silver Diner, whereas the white American male had none.

14. Valle rejected the offer because of the unequal pay, and complained to Shand about the disparity.

15. Silver Diner took no action in response to Valle's complaint about the unequal pay.

16. In addition, Silver Diner maintained a work environment that was hostile and denigrating to Hispanic women as a class of employees.

17. Valle continued to work as a server, but shortly after her complaints, Silver Diner required her to move to another location, explaining that her boyfriend was going to train as the Kitchen Manager at her location and policy required that she move.

18. Silver Diner's Manager further told Valle that it would be *good for her family* if her boyfriend became a Manager without mention of Valle's application for the same job or of any management opportunities for her.

19. Also after Valle rejected Silver Diner's unequal pay offer, Silver Diner stopped giving her Management and Supervisory opportunities as they had in the past. On one occasion, Silver Diner hired a Kitchen Manager at her location without giving her an opportunity to apply, as would have been customary.

20. After requiring her to move to another location farther from her home, Silver Diner reduced Valle's work schedule and gave her smaller sections to serve, thereby decreasing her income.

21. Further, and throughout the remainder of her employment, the General Manager at Valle's location continually antagonized and harassed her, saying that Valle was

"making drama" and was going to be a server all her life, among other things.  Other Silver Diner Managers likewise treated Valle rudely and with contempt throughout the remainder of her employment.

22.   In May, 2017, Silver Diner fired the boyfriend for performance reasons. His discharge prompted Valle to again complain to Silver Diner about the unequal pay and the retaliation.

23.   No action was taken in response to Valle's complaint, and instead Silver Diner's antagonism toward her grew more intense.

24.   Upon information and belief, Silver Diner's actions were intended to put financial and psychological pressure on Valle in an effort to force her to quit in retaliation for her complaints about discrimination.

25.   By the end of Valle's employment, Silver Diner's workplace was so hostile and antagonistic that no reasonable person in those circumstances would endure it.

26.   As a result of Silver Diner's retaliation and hostile work environment, Valle suffered serious damage to her physical and mental health, her self-esteem, her overall wellbeing, and her home life.

27.   Under Silver Diner's psychological and financial pressure, Valle finally gave in and resigned on July 2, 2017. Valle believed that she had no other choice and that her managers were trying to make her quit.

### COUNT ONE:  DISCRIMINATION IN EMPLOYMENT
### National Origin and Gender

28.   The allegations of the preceding paragraphs are incorporated by reference as if fully restated.

29.    Silver Diner discriminated against Valle in the terms and conditions of employment by offering her $6,000.00 less for the same job offered to a White, American Male applicant, and for which Valle was more qualified, and by failing to take any corrective action once the pay disparity was brought to their attention. Such discriminatory conduct was knowing, intentional, reckless and malicious and constituted a violation of Title VII of the Civil Rights Act of 1964, as amended.

30.    As a direct and proximate result of the Defendant's conduct, Valle suffered, and continues to suffer delayed career advancement, severe emotional distress, physical symptoms of emotional distress, humiliation, insult, mental anguish, and past and future economic losses.

31.    Valle seeks equitable relief, recovery of her financial damages; and compensatory and punitive damages.

## COUNT TWO: RETALIATION IN VIOLATION OF TITLE VII

32.    The allegations of the preceding paragraphs are incorporated by reference as if fully restated.

33.    Defendants intentionally, recklessly and maliciously retaliated against Ana Valle because of her complaints about discrimination by reducing her income; by manipulating her schedule and assignments; by withdrawing and withholding management opportunities; by creating a hostile and abusive work environment that no reasonable person in that circumstance would endure; and by taking such actions with the intent of forcing force Valle to quit.

34.    Silver Diner constructively terminated Valle's employment in violation of Title VII of the Civil Rights Act of 1964, as amended.

5

35.    As a direct and proximate result of the Defendant's conduct, Valle suffered, and continues to suffer delayed career advancement, severe emotional distress, physical symptoms of emotional distress, humiliation, insult, mental anguish; and past and future economic losses.

36.    Valle seeks equitable relief, recovery of her financial damages; and compensatory and punitive damages.

WHEREFORE, Plaintiff Ana Valle prays for entry of judgment against Defendant Silver Diner, and for an award of her damages for lost wages and benefits of employment, both past and into the future; reinstatement of employment or front-pay in lieu thereof; compensatory damages for emotional distress and injury; punitive damages; declaratory and injunctive relief; pre-judgment interest; attorney's fees, costs of litigation including expert fees; and any other relief to which she may be entitled.

## JURY DEMAND

Ana Valle demands a trial by jury.

RESPECTFULLY SUBMITTED
Ana Valle
By Counsel

Annette Kay Rubin
VSB # 34677
Post Office Box 765
Leesburg, Virginia  20178
(703) 777-0034 (voice/text)
akr@annetterubin.com

Counsel for Ana Valle

6